IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHEETAH OMNI LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:08-cv-279 |
| v. | § | |
| | § | Jury Trial Demanded |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. and MITSUBISHI DIGITAL | § | |
| ELECTRONICS AMERICA, INC. | § | |
| | § | |
| Defendants. | § | |

## ANSWER AND COUNTERCLAIM OF SAMSUNG ELECTRONICS AMERICA, INC.

Defendant Samsung Electronics America, Inc. ("Samsung"), by and through its undersigned counsel, submits this Answer and Counterclaim to the Amended Complaint for Patent Infringement and Demand for Jury Trial ("Complaint") filed by Plaintiff Cheetah Omni LLC ("Plaintiff"), and all averments and/or allegations not specifically admitted herein are denied.

## THE PARTIES

1.      Samsung admits that Plaintiff Cheetah Omni LLC is a Texas Limited Liability Company.  Samsung does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint and therefore denies the same.

2.      Samsung admits the allegations of Paragraph 2 of the Complaint.

3.      Samsung does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

4.     Samsung admits the allegation of Paragraph 4, to the extent that it states that the Patent Act, 35 U.S.C. § 1 *et seq.*, applies to the claims recited in the Complaint.

5.     Samsung admits that subject matter jurisdiction is proper based upon 28 U.S.C. § 1338.

6.     Samsung admits for purposes of this action that venue is proper in this district pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400.  Samsung denies the allegations of Paragraph 6 of the Complaint as they pertain to Samsung.  Concerning the remaining allegations of Paragraph 6, Samsung does not have knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

## PATENTS-IN-SUIT

7.     Samsung denies the allegations of Paragraph 7 of the Complaint, except it admits that U.S. Patent No. 7,116,862 B1 ("'862 patent") indicates that it issued in the names of Mohammed N. Islam ("Islam") and Amos Kuditcher ("Kuditcher") on October 3, 2006, and that a copy of what Plaintiff alleges to be the '862 patent is attached to the Complaint.

8.     Samsung denies the allegations of Paragraph 8 of the Complaint, except it admits that U.S. Patent No. 7,339,714 B1 ("'714 patent") indicates that it issued in the name of Islam on March 4, 2008, and that a copy of what Plaintiff alleges to be the '714 patent is attached to the Complaint.

9.     Samsung does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the same.

## COUNT 1

10.     Samsung incorporates its responses to Paragraphs 1-9 above as if fully set forth herein.

11.     Samsung denies the allegations of Paragraph 11 of the Complaint as they pertain to Samsung.  Concerning the allegations that pertain to Mitsubishi Digital Electronics America, Inc. ("Mitsubishi"), Samsung does not have knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 11 of the Complaint and therefore denies the same.

12.     Samsung denies the allegations of Paragraph 12 of the Complaint as they pertain to Samsung.  Concerning the allegations that pertain to Mitsubishi, Samsung does not have knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 12 of the Complaint and therefore denies the same.

## COUNT 2

13.     Samsung incorporates its responses to Paragraphs 1-12 above as if fully set forth herein.

14.     Samsung denies the allegations of Paragraph 14 of the Complaint as they pertain to Samsung.  Concerning the allegations that pertain to Mitsubishi, Samsung does not have knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 14 of the Complaint and therefore denies the same.

15.     Samsung denies the allegations of Paragraph 15 of the Complaint as they pertain to Samsung.  Concerning the allegations that pertain to Mitsubishi, Samsung does not have knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 15 of the Complaint and therefore denies the same.

## PRAYER FOR RELIEF

Samsung denies that Plaintiff is entitled to the relief requested, or any other relief.  To the extent Plaintiff avers or makes any allegations in its prayer for relief or remainder of its Complaint not specifically addressed herein, such averments and/or allegations are denied.

WHEREFORE, Samsung respectfully requests that this Court enter judgment in favor of Samsung and against Plaintiff, together with an award of costs and attorney fees, along with such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Samsung asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

16.     Plaintiff is precluded from recovering on its Complaint because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17.     Plaintiff is precluded from recovering on its Complaint because Samsung does not infringe any valid claims of the '862 patent.

### THIRD AFFIRMATIVE DEFENSE

18.     All of the claims of the '862 patent are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

### FOURTH AFFIRMATIVE DEFENSE

19.     Plaintiff is precluded from recovering on its Complaint because Samsung does not infringe any valid claims of the '714 patent.

## FIFTH AFFIRMATIVE DEFENSE

20.     All of the claims of the '714 patent are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

## SIXTH AFFIRMATIVE DEFENSE

21.     Plaintiff is precluded from recovering on any claim for an injunction as it has, at a minimum, an adequate remedy at law and would not suffer any alleged irreparable injury.

## SEVENTH AFFIRMATIVE DEFENSE

22.     The '862 patent is unenforceable due to inequitable conduct because the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent violated their duty of candor and good faith in dealing with the U.S. Patent and Trademark Office ("PTO") by intentionally and deceptively failing to disclose to the PTO material information during the prosecution of the application for the '862 patent.

23.     Specifically, the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent intentionally and deceptively failed to disclose to the PTO during the prosecution of the patent application material information, including the existence of related patents and patent applications and the prosecution thereof, and in particular the PTO's Office Actions and the prior art relied upon by the patent examiner in the prosecution of the related patents and patent applications.  This information was material to the patentability of at least one of the claims of the '862 patent, and the intentional and deceptive failure to disclose this material information to the PTO constituted

inequitable conduct.  *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897 (Fed. Cir. 2007).

      24.     More specifically, the inequitable conduct that occurred during the prosecution of the '862 patent includes, but is not limited to, the intentional and deceptive failure of the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent to disclose to the PTO at least one of the following:

- U.S. Patent No. 6,597,491 ("'491 patent").  Islam and Kuditcher are named inventors on the '491 patent, and patent attorney Douglas Kubehl ("Kubehl") was involved in the prosecution of the '491 patent.   The '491 patent constituted material information that Islam, Kuditcher, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Sung Pak ("Examiner Pak") and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,611,366 ("'366 patent").  Islam and Kuditcher are named inventors on the '366 patent, and patent attorney Kubehl was involved in the prosecution of the '366 patent.  The '366 patent constituted material information that Islam, Kuditcher, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,654,157 ("'157 patent").  Islam and Kuditcher are named inventors on the '157 patent, and patent attorney Kubehl was involved in the prosecution of the '157 patent.  The '157 patent constituted material information that Islam, Kuditcher, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,721,473 ("'473 patent").  Islam and Kuditcher are named inventors on the '473 patent, and patent attorney Kubehl was involved in the prosecution of the '473 patent.  The '473 patent constituted material information that Islam, Kuditcher, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,795,605 ("'605 patent").  Islam and Kuditcher are named inventors on the '605 patent, and patent attorney Kubehl was involved in the prosecution of the '605 patent.  The '605 patent constituted material information that Islam, Kuditcher, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,856,459 ("'459 patent").  Islam and Kuditcher are named inventors on the '459 patent, and patent attorney Kubehl was involved in the prosecution of the '459 patent.  The '459 patent constituted material information that Islam, Kuditcher, and/or Kubehl

intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,859,301 ("'301 patent"). Islam and Kuditcher are named inventors on the '301 patent, and patent attorney Kubehl was involved in the prosecution of the '301 patent. The '301 patent constituted material information that Islam, Kuditcher, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,900,919 ("'919 patent"). Islam and Kuditcher are named inventors on the '919 patent, and patent attorneys Kubehl and Brian Gaffney ("Gaffney") were involved in the prosecution of the '919 patent.   The '919 patent constituted material information that Islam, Kuditcher, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent No. 6,943,925 ("'925 patent"). Islam is a named inventor on the '925 patent, and patent attorneys Kubehl and Gaffney were involved in the prosecution of the '925 patent. The '925 patent constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

- U.S. Patent Application Serial No. 11/199,513 ("'513 application"). Islam is a named inventor on the '513 application, and patent attorneys Kubehl and Gaffney were involved in the prosecution of the '513 application.   The '513 application constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Pak and the PTO during the prosecution of the application for the '862 patent.

25.     As a result of this inequitable conduct, the '862 patent is unenforceable.

## EIGHTH AFFIRMATIVE DEFENSE

26.     The intentional failure of the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent to disclose to the PTO during the prosecution of the patent application material information, including the existence of related patents and patent applications and the prosecution thereof, and in particular the PTO's Office Actions and the prior art relied upon by the patent examiner in the prosecution of the related patents and patent applications, constituted a pattern of inequitable conduct.

27.     The inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent engaged in this pattern of inequitable conduct in order to secure issuance of the '862 patent.

28.     The pattern of inequitable conduct in which the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent engaged renders the '862 patent unenforceable.

## NINTH AFFIRMATIVE DEFENSE

29.     The '714 patent is unenforceable due to inequitable conduct because the inventor, his patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent violated their duty of candor and good faith in dealing with the PTO by intentionally and deceptively failing to disclose to the PTO material information during the prosecution of the application for the '714 patent.

30.     Specifically, the inventor, his patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent intentionally and deceptively failed to disclose to the PTO during the prosecution of the patent application material information, including the existence of related patents and patent applications and the prosecution thereof, and in particular the PTO's Office Actions and the prior art relied upon by the patent examiner in the prosecution of the related patent applications.  This information was material to the patentability of at least one of the claims of the '714 patent, and the intentional and deceptive failure to disclose this material information to the PTO constituted inequitable conduct.  *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897 (Fed. Cir. 2007).

31.     More specifically, the inequitable conduct that occurred during the prosecution of the '714 patent includes, but is not limited to, the intentional and deceptive failure of the

inventor, his patent counsel, and/or other individuals associated with the filing and prosecution

of the application for the '714 patent to disclose to the PTO at least one of the following:

- U.S. Patent No. 6,493,488 ("'488 patent"). Islam is a named inventor on the '488 patent. Kubehl was involved in the prosecution of the '488 patent. Gaffney was made aware of the '488 patent on or about January 12, 2006, when Examiner Pak cited it during the PTO's examination of the application for the '862 patent. The '488 patent constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Timothy Thompson ("Examiner Thompson") and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,611,366 ("'366 patent"). Islam is a named inventor on the '366 patent, and patent attorney Kubehl was involved in the prosecution of the '366 patent. The '366 patent constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,654,157 ("'157 patent"). Islam is a named inventor on the '157 patent, and patent attorney Kubehl was involved in the prosecution of the '157 patent. The '157 patent constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,795,605 ("'605 patent"). Islam is a named inventor on the '605 patent, and patent attorney Kubehl was involved in the prosecution of the '605 patent. The '605 patent constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,856,459 ("'459 patent"). Islam is a named inventor on the '459 patent, and patent attorney Kubehl was involved in the prosecution of the '459 patent. The '459 patent constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,859,301 ("'301 patent"). Islam is a named inventor on the '301 patent, and patent attorney Kubehl was involved in the prosecution of the '301 patent. The '301 patent constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,900,919 ("'919 patent"). Islam is a named inventor on the '919 patent, and patent attorneys Kubehl and Gaffney were involved in the prosecution of the '919 patent. The '919 patent constituted material information that Islam, Gaffney, and/or Kubehl

intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent Application Serial No. 11/199,513 ("'513 application"). Islam is a named inventor on the '513 application, and patent attorneys Kubehl and Gaffney were involved in the prosecution of the '513 application. The '513 application constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- The January 12, 2006, Office Action in which the Examiner Pak rejected the claims in the application for the '862 patent for double patenting over U.S. Patent No. 6,882,771 B1 ("'771 patent"). Islam, Gaffney, and Kubehl were involved in the prosecution of the application for the '862 patent. This Office Action constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- Issuance of the '862 patent. Islam, Gaffney, and Kubehl were involved in the prosecution of the application for the '862 patent. The issuance of the '862 patent constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,222,954 B1 ("'954 patent"). Islam and Kubehl were made aware of the '954 patent on or about March 27, 2003, when Examiner Juliana Kang ("Examiner Kang") cited it during the PTO's examination of U.S. Patent No. 6,721,475 ("'475 patent"), a parent of the '862 patent. Gaffney was made aware of the '954 patent on or about June 28, 2004, when Examiner Kang cited it during the PTO's examination of U.S. Patent No. 6,882,771 ("'771 patent"), a parent of the '862 patent. The '954 patent constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- The March 27, 2003, Office Action in which Examiner Kang rejected the claims in the application for the '475 patent over the '954 patent. Islam and Kubehl were involved in the prosecution of application for the '475 patent. This Office Action constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- The June 26, 2003, Response to the March 27, 2003, Office Action in which the patent applicants amended the claims in the application for the '475 patent to require first and second beams of unequal amplitude and argued for patentability over the '954 patent because the claims in the application for the '475 patent require first and second beams of unequal amplitude. Islam and Kubehl were involved in the prosecution of the application for the '475 patent. This Response constituted material information that Islam and/or Kubehl

intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

• The October 2, 2003, Notice of Allowability that was issued during the PTO's examination of the application for the '475 patent, which stated that the claims of the application were allowed in response to an amendment of June 26, 2003. Islam and Kubehl were involved in the prosecution of the application for the '475 patent. This Notice of Allowability constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

• The June 28, 2004, Office Action in which Examiner Kang rejected the claims in the application for the '771 patent over the '954 patent. Islam, Gaffney, and Kubehl were involved in the prosecution of the application for the '771 patent. This Office Action constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the '714 patent.

• The September 27, 2004, Response to the June 28, 2004, Office Action that issued during the PTO's examination of the application for the '771 patent, describing the interview with Islam, Gaffney, and Examiner Kang, which pertained to the patentability of the claims of the application for the '771 patent over the '954 patent because they require first and second beams of unequal amplitude. This Office Action constituted material information that Islam and/or Gaffney intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

• The December 14, 2004, Notice of Allowability that issued during the PTO's examination of the application for the '771 patent, which stated that the claims therein were allowed due to the September 27, 2004, Response. Islam, Gaffney, and Kubehl were involved in the prosecution of the application for the '771 patent. This Notice of Allowability constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

• U.S. Patent No. 5,023,845 ("'845 patent"). Islam, Kubehl, and Gaffney were made aware of the '845 patent on or about June 28, 2004, when Examiner Kang cited it during the PTO's examination of the '771 patent, a parent of the '862 patent. Islam, Gaffney, and Kubehl each was involved in the prosecution of the application for the '771 patent. The '845 patent constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

• The June 28, 2004, Office Action, in which Examiner Kang rejected the claims in the application for the '771 patent over the '845 patent. Islam, Gaffney, and Kubehl were involved in the prosecution of the application for the '771 patent. This Office Action constituted material information that Islam, Gaffney, and/or Kubehl intentionally and

deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- U.S. Patent No. 6,151,160 ("'160 patent").  Islam, Kubehl, and Gaffney were made aware of the '160 patent on or about September 25, 2002, when Examiner Kang cited it during the prosecution of the application for the '475 patent, a parent of the '862 patent.  Islam and Kubehl were involved in the prosecution of the application for the '475 patent.  The '160 patent constituted material information that Islam, Gaffney, and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- The September 25, 2002, Office Action in which Examiner Kang rejected the claims in the application for the '475 patent over the '160 patent.  Islam and Kubehl were involved in the prosecution of the application for the '475 patent.  This Office Action constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

- The December 20, 2002, Response to the September 25, 2002, Office Action, which canceled the claims in the application for the '475 patent that Examiner Kang had rejected as unpatentable over the '160 patent.  Islam and Kubehl were involved in the prosecution of the application for the '475 patent.  This Response constituted material information that Islam and/or Kubehl intentionally and deceptively failed to disclose to Examiner Thompson and the PTO during the prosecution of the application for the '714 patent.

32.     As a result of this inequitable conduct, the '714 patent is unenforceable.

## TENTH AFFIRMATIVE DEFENSE

33.     The intentional failure of the inventor, his patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent to disclose to the PTO during the prosecution of the patent application material information, including the existence of related patents and patent applications and the prosecution thereof, and in particular the PTO's Office Actions and the prior art relied upon by the patent examiner in the prosecution of the related patents and patent applications, constituted a pattern of inequitable conduct.

34.     The inventor, his patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent engaged in this pattern of inequitable conduct in order to secure issuance of the '714 patent.

-12-

35.     The pattern of inequitable conduct in which the inventor, his patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent renders the '714 patent unenforceable.

### ELEVENTH AFFIRMATIVE DEFENSE

36.     Plaintiff's claims against Samsung are barred, in whole or in part, by the reverse doctrine of equivalents.

### TWELFTH AFFIRMATIVE DEFENSE

37.     Plaintiff's claims against Samsung are barred, in whole or in part, by prosecution history estoppel.

*        *        *

### COUNTERCLAIM AGAINST PLAINTIFF

Pursuant to Fed. R. Civ. P. 13, Defendant Samsung counterclaims against Plaintiff and, in support thereof, alleges the following:

1.     Samsung is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Ridgefield Park, New Jersey.

2.     Cheetah Omni LLC is a Texas Limited Liability Company.

### JURISDICTION

3.     This Counterclaim is brought pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 284, and 285.

4.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

6.      Plaintiff has charged Samsung with infringing the '862 and '714 patents.

7.      Samsung denies infringement of any valid claim of the asserted patents.

## COUNT 1:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '862 PATENT

8.      Samsung incorporates and realleges the allegations of Paragraphs 1-7 of its counterclaim as if set forth herein in their entirety.

9.      Samsung has not infringed, nor is it presently infringing, any valid claims of the '862 patent.

10.     An actual controversy exists between Plaintiff and Samsung with respect to whether Samsung infringes the '862 patent.

11.     Samsung seeks a declaratory judgment that it does not infringe the asserted claims of the '862 patent.

## COUNT 2:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '862 PATENT

12.     Samsung incorporates and realleges the allegations of Paragraphs 1-11 of its counterclaim as if set forth herein in their entirety.

13.     An actual controversy exists between Plaintiff and Samsung with respect to the validity of the '862 patent.

14.     All of the claims of the '862 patent are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.  Samsung seeks a declaration that the '862 patent is invalid.

## COUNT 3:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '714 PATENT

15.    Samsung incorporates and realleges the allegations of Paragraphs 1-14 of its counterclaim as if set forth herein in their entirety.

16.    Samsung has not infringed, nor is it presently infringing, any valid claims of the '714 patent.

17.    An actual controversy exists between Plaintiff and Samsung with respect to whether Samsung infringes the '714 patent.

18.    Samsung seeks a declaratory judgment that it does not infringe the asserted claims of the '714 patent.

## COUNT 4:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '714 PATENT

19.    Samsung incorporates and realleges the allegations of Paragraphs 1-18 of its counterclaim as if set forth herein in their entirety.

20.    An actual controversy exists between Plaintiff and Samsung with respect to the validity of the '714 patent.

21.    All of the claims of the '714 patent are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.  Samsung seeks a declaration that the '714 patent is invalid.

## COUNT 5:
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '862 PATENT

22.    Samsung incorporates and realleges the allegations of Paragraphs 1-21 of its counterclaim as if set forth herein in their entirety.

23.     The '862 patent is unenforceable due to inequitable conduct because the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent violated their duty of candor and good faith in dealing with the PTO by intentionally and deceptively failing to disclose to the PTO material information during the prosecution of the application for the '862 patent.

24.     Specifically, the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent intentionally and deceptively failed to disclose to the PTO during the prosecution of the patent application material information, including the existence of related patents and patent applications and the prosecution thereof, and in particular the PTO's Office Actions and the prior art relied upon by the patent examiner in the prosecution of the related patents and patent applications.  This information was material to the patentability of at least one of the claims of the '862 patent, and the intentional and deceptive failure to disclose this material information to the PTO constituted inequitable conduct.  *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897 (Fed. Cir. 2007).

25.     Samsung incorporates and realleges the specific allegations set forth in its Seventh Affirmative Defense as if set forth herein in their entirety.  As a result of this inequitable conduct, the '862 patent is unenforceable.

26.     An actual controversy exists between Plaintiff and Samsung with respect to the enforceability of the '862  patent.  Samsung therefore seeks a declaration that the '862 patent is unenforceable.

## COUNT 6:
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '862 PATENT

27.     Samsung incorporates and realleges the allegations of Paragraphs 1-26 of its counterclaim as if set forth herein in their entirety.

28.     The intentional failure of the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent to disclose to the PTO during the prosecution of the patent application the existence of related patents and patent applications and the prosecution thereof constituted a pattern of inequitable conduct.

29.     The inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent engaged in this pattern of inequitable conduct in order to secure issuance of the '862 patent.

30.     The pattern of inequitable conduct engaged in by the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '862 patent renders the '862 patent unenforceable.

31.     An actual controversy exists between Plaintiff and Samsung with respect to the enforceability of the '862 patent.  Samsung therefore seeks a declaration that the '862 patent is unenforceable.

## COUNT 7:
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '714 PATENT

32.     Samsung incorporates and realleges the allegations of Paragraphs 1-31 of its counterclaim as if set forth herein in their entirety.

33.     The '714 patent is unenforceable due to inequitable conduct because the inventor, his patent counsel, and/or other individuals associated with the filing and prosecution of the

application for the '714 patent violated their duty of candor and good faith in dealing with the

PTO by intentionally and deceptively failing to disclose to the PTO material information during

the prosecution of the application for the '714 patent.

34.     Specifically, the inventor, his patent counsel, and/or other individuals associated

with the filing and prosecution of the application for the '714 patent intentionally and

deceptively failed to disclose to the PTO during the prosecution of the patent application material

information, including the existence of related patents and patent applications and the

prosecution thereof, and in particular the PTO's Office Actions and the prior art relied upon by

the patent examiner in the prosecution of the related patent applications.  This information was

material to the patentability of at least one of the claims of the '714 patent, and the intentional

and deceptive failure to disclose this material information to the PTO constituted inequitable

conduct.  *See McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897 (Fed. Cir. 2007).

35.     Samsung incorporates and realleges the specific allegations set forth in its Ninth

Affirmative Defense as if set forth herein in their entirety.  As a result of this inequitable

conduct, the '714 patent is unenforceable.

36.     An actual controversy exists between Plaintiff and Samsung with respect to the

enforceability of the '714 patent.  Samsung therefore seeks a declaration that the '714 patent is

unenforceable.

<u>**COUNT 8:**</u>
<u>**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '714 PATENT**</u>

37.     Samsung incorporates and realleges the allegations of Paragraphs 1-36 of its

counterclaim as if set forth herein in their entirety.

38.     The intentional failure of the inventors, their patent counsel, and/or other

individuals associated with the filing and prosecution of the application for the '714 patent to

disclose to the PTO during the prosecution of the patent application the existence of related patents and patent applications and the prosecution thereof constituted a pattern of inequitable conduct.

39.     The inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent engaged in this pattern of inequitable conduct in order to secure issuance of the '714 patent.

40.     The pattern of inequitable conduct engaged in by the inventors, their patent counsel, and/or other individuals associated with the filing and prosecution of the application for the '714 patent renders the '714 patent unenforceable.

41.     An actual controversy exists between Plaintiff and Samsung with respect to the enforceability of the '714 patent.  Samsung therefore seeks a declaration that the '714 patent is unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung prays for an Order and Entry of Judgment against Plaintiff:

A.     Dismissing Plaintiff's Complaint with prejudice and denying each request for relief recited in the Complaint;

B.     Declaring that Samsung does not infringe any claim of the '862 patent;

C.     Declaring that all claims of the '862 patent are invalid;

D.     Declaring that Samsung does not infringe any claim of the '714 patent;

E.     Declaring that all claims of the '714 patent are invalid;

F.     Declaring that the '862 patent is unenforceable;

G.     Declaring that the '714 patent is unenforceable;

H.     Declaring this case exceptional under 35 U.S.C. § 285 and awarding Samsung its reasonable attorneys fees in this action;

I.        Awarding Samsung its costs and expenses in this action; and

J.        Granting such other and further relief as the Court deems proper and just.

<u>**DEMAND FOR JURY TRIAL**</u>

Samsung hereby demands a trial by jury for all issues so triable.


Dated: September 2, 2008.


                       Respectfully submitted,


                       */s/ Michael E. Jones*
                       Michael E. Jones
                       State Bar No. 10929400
                       POTTER MINTON
                       A PROFESSIONAL CORPORATION
                       110 N. College, 500 Plaza Tower
                       P.O. Box 359
                       Tyler, Texas  75710
                       Tel: (903) 597-8311
                       Fax: (903) 593-0846
                       mikejones@potterminton.com

                       ATTORNEY FOR DEFENDANT,
                       SAMSUNG ELECTRONICS AMERICA, INC.


Of Counsel:

Richard L. Rainey
rrainey@cov.com
Scott C. Weidenfeller
sweidenfeller@cov.com
Brian G. Bieluch
bbieluch@cov.com
Jeffrey M. Davidson
jdavidson@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Tel:  (202) 662-6000
Fax:  (202) 662-6291

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of September, 2008.  Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Michael E. Jones
Michael E. Jones