# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CHEETAH OMNI LLC,** a Texas Limited Liability Company, | ) ) ) |
| *Plaintiff*, | ) **HONORABLE LEONARD DAVIS** |
| vs. | ) ) ) **CIVIL ACTION NO. 6:08-cv-279** |
| **1. SAMSUNG ELECTRONICS AMERICA, INC.**, a Delaware Corporation, and **2. MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.** a Delaware Corporation. | ) ) ) ) ) ) ) *JURY TRIAL DEMANDED* |
| *Defendants*. | ) ) |

## CHEETAH OMNI'S MOTION TO STRIKE DEFENDANTS' P.R. 3-3 "INVALIDITY CONTENTIONS"



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

Plaintiff, Cheetah Omni LLC, moves to strike defendants' "invalidity contentions" because they violate P.R. 3-3 in two respects. First, they fail to properly identify the references as required by P.R. 3-3(a). Second, they fail to properly identify the obviousness combinations and the specific motivation to make each combination as required by P.R. 3-3(b). Accordingly, for the reasons set forth more fully in the accompanying brief, Cheetah Omni asks the Court to strike defendants' invalidity contentions.

| | |
|---|---|
| Dated:  April 10, 2009 | By:  s/ Thomas A. Lewry |

Thomas A. Lewry (MI Bar No. P36399)
(**Lead Attorney**)
Robert C.J. Tuttle (MI Bar No. P25222)
John S. Le Roy (MI Bar No. P61964)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400 — Fax: (248) 358-3351
Email: tlewry@brookskushman.com
      rtuttle@brookskushman.com
      jleroy@brookskushman.com

T. John Ward, Jr. (TX State Bar No. 00794818)
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Tel: (903) 757-6400 — Fax: (903) 757-2323
Email: jw@jwfirm.com

Joe Kendall
**KENDALL LAW GROUP LLP**
3232 McKinney Ave., Suite 700
Dallas, TX 75204
Tel: (214) 744-3000 — Fax: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CHEETAH OMNI LLC,** ) <br> a Texas Limited Liability Company, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> vs. ) <br> ) <br> **1. SAMSUNG ELECTRONICS** ) <br> **AMERICA, INC.**, a Delaware Corporation, ) <br> and ) <br> **2. MITSUBISHI DIGITAL** ) <br> **ELECTRONICS AMERICA, INC.** ) <br> a Delaware Corporation. ) <br> ) <br> *Defendants*. ) <br> ) | **HONORABLE LEONARD DAVIS** <br><br> **CIVIL ACTION NO. 6:08-cv-279** <br><br><br> *JURY TRIAL DEMANDED* |

**BRIEF IN SUPPORT OF
CHEETAH OMNI'S MOTION TO STRIKE
DEFENDANTS' P.R. 3-3 "INVALIDITY CONTENTIONS"**



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## I. **INTRODUCTION**

Plaintiff, Cheetah Omni, LLC ("Cheetah") moves to strike defendants' invalidity contentions because they violate P.R. 3-3. Defendants' invalidity contentions are over 1,100 pages long and fail to provide Cheetah Omni notice of the invalidity positions defendants anticipate using at trial. *Saffran v. Johnson & Johnson*, Case No. 2:07cv0451 (PJW), copy attached as Ex. A.

Cheetah first raised the problems with defendants' invalidity contentions on March 2, 2009. Cheetah cited the *Saffran* case and proposed a Stipulated Order implementing relief identical to that in *Saffran*. (Ex. 1, March 2, 2009 e-mail[1] and attachment.) Defendants refused this offer and have refused to comply with P.R. 3-3(a) and (b). Because defendants will not agree to the *Saffran* remedy, their invalidity contentions should be stricken in their entirety and the defendants should not be permitted to replace or amend them.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

---

[1] The e-mail indicates that defendants' invalidity contentions are 110 pages in length. This figure was a typographical error. Defendants' invalidity contentions are over 1,100 pages in length.

## II. DISCUSSION

Defendants served their invalidity contentions on January 13, 2009. The invalidity contentions comprise over 1,100 pages. Defendants split their invalidity contentions into two parts. The first part, comprising 28 pages (Ex. 2), is the primary focus of this motion. The second part, comprising nearly 1,100 pages, is a series of claim charts.

Under the Court's patent rules, both sides are required to give the other side notice of the information they plan to use at trial:

> The patent "rules are designed to require parties to crystalize their theories of the case early in the litigation and adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolific Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citing *Nova Measuring Instrus. Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1123 (N.D. Cal. 2006)). ***The purpose of the rules is to put the parties on notice of the information its adversary anticipates using at trial***.

Ex. A, *Saffran*, *slip. op.* at 1 (emphasis added). Defendants' invalidity contentions violate these requirements.

### A. Defendants' Invalidity Contentions Are Improper Because They Fail To Identify References As Required By P.R. 3-3(a)

Defendants have identified over 100 invalidity references — an undifferentiated batch of 45 anticipation references in Section II of their contentions (Ex. 2, pp. 2-8) and numerous obviousness references in Section III (Ex. 2, pp. 8-21). Plainly, defendants do not anticipate using all those references at trial, and defendants do not contend that they anticipate using all these



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

references at trial. Accordingly, as in *Saffran*, defendants have failed to put Cheetah Omni on notice of the validity case they anticipate presenting at trial.

Defendants contend that, under P.R. 3-3(a), they must disclose all these references because the Rule purportedly requires defendants to disclose every reference that they believe invalidates the asserted claims. To the contrary, as stated in *Saffran*, the Rule merely requires defendants to identify those references that they anticipate using at trial to invalidate the asserted claims.

In an effort to compromise, Cheetah suggested that defendants (1) rank the numerous references and (2) specifically identify the references that defendants anticipate using at trial, with that specific identification being binding unless defendants meet the requirements of P.R. 3-6. (Ex. 3, March 25, 2009 letter from T. Lewry, p. 2.) Cheetah's compromise proposal would have allowed defendants to identify all of the references it wished to identify, but would also have satisfied the requirement that defendants specifically identify those they anticipate using at trial. Defendants rejected that proposal and have offered no compromise position.

Because defendants have refused to identify the references they anticipate using at trial, defendants have violated P.R. 3-3(a). Defendants' invalidity contentions must be stricken for this reason.

**B.    Defendants' Invalidity Contentions Violate P.R. 3-3(b)**

Defendants' invalidity disclosures also violate P.R. 3-3(b) in two respects. First, defendants purport to combine 45 primary obviousness references "alone or in combination with"

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

a myriad of other secondary references. (*See*, Ex. 2, pp. 15-26.) Each of the 45 primary/secondary combinations is similar to the one reproduced below.

| Prior Art | Obvious Claims |
|---|---|
| U.S. Patent No. 4,856,863 [SAMSUNG-MIT-001-0004039 - SAMSUNG-MIT-001-0004053], alone or in combination with any of:<br>• Knowledge of one skilled in the art.<br>• One or more of the Optical Communications References listed above in Section II.<br>• One or more of the MEMS References listed above in Section II.<br>• One or more of the Moveable Reflector References listed above in Section II. | '862 patent: 15<br>'714 patent: 18-20 |

As shown in the above example, defendants purport to combine U.S. Patent No. 4,856,863 "alone or in combination with any of" numerous secondary references and/or knowledge of one skilled in the art. With respect to the secondary references, defendants group them on pages 8-13 of their contentions. Defendants have identified the following groups:

- "MEMS References" (18 separate references)
- "Movable Reflector References" (17 separate references)
- "Display References" (37 separate references)
- "Optical Communications References" (33 separate references)

In the example illustrated above, defendants assert obviousness based on the '863 patent "alone or in combination with" one or more of the **33** Optical Communications References, one or more of the **18** MEMS References, and/or one or more of the **17** Movable Reflector References. For this one example alone, defendants have identified nearly $3 \times 10^{20}$ possible combinations.


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

Defendants identify a similar staggering number of combinations 44 more times in their obviousness contentions.

Cheetah Omni's calculation does not exaggerate defendants' position. To the contrary, defendants confirmed that they intended to assert all these combinations on page 13 of the contentions, where they say, "[i]t should be understood that each item of prior art included here may be combined in any number of combinations for the purpose of rendering the asserted claims obvious under 35 U.S.C. § 103." (Ex. 2 at 13.)

The primary focus of *Saffran* was on this type of improper obviousness disclosure. Just like defendants here, the *Saffran* defendants identified many primary references, each combined in countless ways with numerous secondary references. Defendants' disclosures here are identical with those in *Saffran*, although defendants here have camouflaged that fact by using category names rather than listing individual secondary references under each primary reference as was done in *Saffran*.

Defendants' obviousness disclosures are improper as Judge Ward explained in *Saffran*:

> The defendants' almost 800 pages of "Invalidity Contentions" do not put the plaintiffs on real or useful notice. The defendants' current "Invalidity Contentions" are an attempt to end run the rules. They do not specifically identify combinations of references that defendants anticipate using at trial, and they include language purporting to make the contentions merely illustrative.

Ex. A, *Saffran*, *slip. op.* at 1-2. Defendants' disclosure of approximately $135 \times 10^{20}$ possible obviousness combinations is improper and does not comply with P.R. 3-3(b).

Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

Defendants also violate P.R. 3-3(b) because they fail to separately identify, for each proposed combination of references, "the motivation to combine such items" as required by that Rule. Instead, at page 13 of their contentions, defendants broadly assert "[t]hese combinations are based on **one or more** of the following rationales." (Ex. 2 at 13, emphasis added.) Following that statement, defendants merely present a bullet list of possible rationales, none of which are tied to any particular combination of references. (Ex. 2 at 14.) That conclusory analysis is improper. P.R. 3-3(b); *Innogenics, N.E. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008). Defendants should possess all of the information necessary to fully comply with P.R. 3-3(b). If they do not, they should not have made obviousness contentions in the first place.

Because defendants refuse to comply with P.R. 3-3(b), their invalidity contentions must be stricken.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

### III.  **CONCLUSION**

Defendants' invalidity contentions violate both P.R. 3-3(a) and 3-3(b). Accordingly, the invalidity contentions must be stricken.

Respectfully submitted,

Dated: April 10, 2009        By: s/ Thomas A. Lewry
                             Thomas A. Lewry (MI Bar No. P36399)
                             (**Lead Attorney**)
                             Robert C.J. Tuttle (MI Bar No. P25222)
                             John S. Le Roy (MI Bar No. P61964)
                             **BROOKS KUSHMAN P.C.**
                             1000 Town Center, 22nd Floor
                             Southfield, Michigan 48075-1238
                             Tel:  (248) 358-4400 — Fax:  (248) 358-3351
                             Email: tlewry@brookskushman.com
                                        rtuttle@brookskushman.com
                                        jleroy@brookskushman.com

                             T. John Ward, Jr. (TX State Bar No. 00794818)
                             **WARD & SMITH LAW FIRM**
                             111 W. Tyler St.
                             Longview, Texas  75601
                             Tel:  (903) 757-6400 — Fax:  (903) 757-2323
                             Email: jw@jwfirm.com

                             Joe Kendall
                             **KENDALL LAW GROUP LLP**
                             3232 McKinney Ave., Suite 700
                             Dallas, TX  75204
                             Tel:  (214) 744-3000 — Fax:  (214) 744-3015
                             Email: jkendall@kendalllawgroup.com

                             *Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on **April 10, 2009**.

       By: s/ Thomas A. Lewry
Thomas A. Lewry (MI Bar No. P36399)
**(Lead Attorney)**
Robert C.J. Tuttle (MI Bar No. P25222)
John S. Le Roy (MI Bar No. P61964)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400 — Fax: (248) 358-3351
Email: tlewry@brookskushman.com
       rtuttle@brookskushman.com
       jleroy@brookskushman.com

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the motion is opposed. The personal conferences required by this Rule have been conducted. The last of the conferences was held on Monday, March 30, 2009 and was attended by Thomas A. Lewry, John S. Le Roy, and T. John Ward for Plaintiff and Wendy J. Ray Brian Bieluch, Jeffery Davidson, Allen Gardner, Mike Jones, Melvin Wilcox, and Richard L. Rainey for Defendants. No agreement could be reached because Defendants did not agree that their contentions violated P. R. 3-3(a) and (b). Discussions have conclusively ended at an impasse leaving an open issue for the Court to resolve.

       s/ Thomas A. Lewry
       Thomas A. Lewry

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com