# Cheetah Omni's Claim Construction

September 3, 2009

# Overview

# Defendants Ask The Court To Ignore The Claims and Prosecution History

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'"

"The written description part of the specification itself does not delimit the right to exclude. That is the function and purpose of claims."

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) (citations omitted).

3

# The Prosecution History May Not Be Ignored

"[T]he prosecution history provides evidence of how the PTO and the inventor understood the patent."

*Phillips*, 415 F.3d at 1317.

"This 'undisputed public record' of proceedings in the Patent and Trademark Office is of primary significance in understanding the claims."

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996).

4

# Dr. Islam Believed His Claims Covered Projection Systems

- During prosecution of his '714 patent, Dr. Islam cited prior art projection system references.
    - 6,317,171 (Texas Instruments)
        - "Rear-Screen Projection Television With Spatial Light Modulator"
    - 6,457,830 (Samsung Electronics Co. Ltd.)
        - "Reflection-Type Projector"
    - 6,508,556 (Mitsubishi D.K.K.)
        - "Projection Display Apparatus"

5

# The PTO Believed The Claims Covered Projection Systems

- The PTO cited and applied prior art projection systems during prosecution of the '714 patent:

  - U.S. Patent Publication No. 2005/0063196 ("Li") – a cinema projector

  - U.S. Patent No. 6,877,859 ("Silverstein") – a "digital projection apparatus."

  - U.S. Patent No. 6,587,159 ("TI patent") – a digital projector.









# The Patent Specification Need Not Disclose All Possible Embodiments

"We may take it that, as the statute requires, the specifications just detailed show a way of using the inventor's method and that he conceived that particular way described was the best one.  **But he is not confined to that particular mode of use since the claims of the patent, not its specifications, measure the invention. . . . [I]t is not necessary to embrace in the claims or describe in the specifications all possible forms in which the claimed principle may be reduced to practice.**"

*Smith v. Snow,* 294 U.S. 1, 11 (1935).

11

# The Grandparent Claims Are Not The '714 Claims

- Both patents have virtually the same specification.

- But they claim different aspects of the disclosed invention.

  - The grandparent claims specific parts and steps that comprise the embodiments.

  - The '714 claims cover the broader "concept" level system and method.