# '862 Patent: "dividing"

- "**dividing** at least a portion of the optical signal communicated for processing **into at least a first part and a second part**, wherein **the first part comprises an amplitude that is different than an amplitude of the second part**"

1

# The Parties' Proposed Constructions

## Cheetah Omni

Dividing a portion of the optical signal into **at least two parts**, where two of the parts have unequal amplitudes.

## Defendants

dividing the input "optical signal" into **first and second copies** with different amplitudes

# The Sole Remaining Issue Is Whether The "parts" Are Copies

- Claim 13 does not require "copies."
- Defendants are improperly importing this limitation from the preferred embodiment.

3

# Other Claims Show That Claim 13 Does Not Require Copies

"**Other claims of the patent in question**, both asserted and unasserted, **can also be valuable sources of enlightenment** as to the meaning of a claim term."

*Phillips*, 415 F.3d at 1314.

4

# Other Claims Recite The "Copy" Limitation

- Defendants argue that the device that "divides" is a beam splitter, which makes copies.

- Claims 1 and 18 recite a beam splitter, creating a presumption that it is <u>not</u> part of claim 13:
    - Claim 1: "a first beam splitter . . . to divide"
    - Claim 18: "a first beam splitter operable to divide"

5

# The Grandparent's Claims Expressly Recite "copy"

- The claims of the grandparent patent expressly say "copy":

    "[a] first <u>copy</u> of the input signal and [a] second <u>copy</u> of the input signal." (Defs. Brf. at 16.)

- "Where claims use different terms, those differences are presumed to reflect a difference in the scope of the claims."

    *Forest Labs., Inc. v. Abbott Lab's*, 239 F.3d 1305, 1310 (Fed. Cir. 2001)